AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**United States of America**

**v.**

Case No. 17-M- /ə ə

**FAKRUL ISLAM TAPADAR**
**a/k/a FAKRUL ISLAM**

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about August 9, 2017, in the Western District of New York, the defendant, FAKRUL ISLAM TAPADAR, a person not entitled to naturalization, knowingly attempted to procure and obtain, contrary to law, naturalization, in violation of Title 18, United States Code, Section 1425(a).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

CHRISTOPHER SZMANIA
TASK FORCE OFFICER
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __September 13, 2017__

_____
*Judge's signature*

City and State: __Buffalo, New York__

H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE      )      SS:
CITY OF BUFFALO    )

CHRISTOPHER SZMANIA, being duly sworn, deposes and says that:

1.      I have been employed by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Office of Enforcement and Removal Operations ("ERO") since March of 2008. I have been employed by the Buffalo, New York Field Office as a Deportation Officer ("DO"), duly appointed to act as such, since August 09, 2012. I am currently assigned to Homeland Security Investigations ("HSI") of Buffalo, New York as a Task Force Officer ("TFO").

2.      As a part of my duties of employment with ICE, I investigate violations of the Immigration and Nationality Act ("INA") and violations of the United States Code, including, Title 18 United States Code, Section 1425(a), regarding the unlawful procurement of citizenship or naturalization.

3.      This affidavit is based upon my investigation, my personal knowledge, investigative reports, my review of official records of the former Immigration and Naturalization Service and current ICE, and upon information that I obtained from other law enforcement officers and government officials involved with this investigation.

4.      I make this affidavit in support of the annexed criminal complaint charging FAKRUL ISLAM TAPADAR, a native and citizen of Bangladesh, with violation of Title 18, United States Code, Section 1425(a), Unlawful Procurement of Citizenship or Naturalization.

5.      Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe are necessary to establish probable cause to demonstrate that FAKRUL ISLAM TAPADAR has violated Title 18, United States Code, Section 1425(a).

6.      This affidavit concerns fraud in connection with the application for, and issuance of, naturalization. To acquire and be eligible for naturalization, the applicant must lawfully be admitted as a permanent resident. Additionally, an applicant for naturalization is required to submit a Form N-400 Application for Naturalization ("Form N-400"), and to truthfully answer all questions and state every material matter of fact pertaining to the applicant's eligibility for naturalization.

7.      There is probable cause to believe that FAKRUL ISLAM TAPADAR's Form N-400 contains multiple material false statements and constitutes an attempt to obtain naturalization based on fraud. Furthermore, there is probable cause to believe that when questioned by an immigration services officer about his Form N-400, FAKRUL ISLAM TAPADAR made material false statements under oath and under the penalties of perjury.

2

Finally, there is probable cause to believe that FAKRUL ISLAM TAPADAR received his permanent residence unlawfully based on fraud.

8. On May 20, 2016, FAKRUL ISLAM TAPADAR filed a Form N-400, in which he certified, under penalty of perjury, the truthfulness and accuracy of the information contained therein.

9. On June 8, 2016, FAKRUL ISLAM TAPADAR was fingerprinted as part of the processing of his application for naturalization. Fingerprint checks submitted through the Automated Biometric Identification System ("IDENT") indicated that FAKRUL ISLAM TAPADAR's fingerprints matched a set of fingerprints previously obtained from someone named FAKRUL ISLAM, who had previously been ordered to voluntary depart the United States on or before May 28, 1996 by an Immigration Judge. United States Citizenship and Immigration Services ("USCIS") and record checks further revealed that FAKRUL ISLAM TAPADAR and FAKRUL ISLAM are the same individual.

10. A review of FAKRUL ISLAM TAPADAR's immigration history by the affiant revealed the following: on October 17, 1994, FAKRUL ISLAM TAPADAR, using the name FAKRUL ISLAM, date of birth of December XX, 1952, was issued Alien Registration File Number AXXX-XXX-906, and filed an Application for Asylum with the United States Immigration and Nationality Service ("INS"), the predecessor agency to CIS. Thereafter, on August 24, 1995, FAKRUL ISLAM TAPADAR, using the name FAKRUL ISLAM, was personally served an Order to Show Cause and Notice of Hearing for being in

3

violation of former INA § 241(a)(1)(A), charging him as excludable at the time of entry as an immigrant not in possession of a valid nonimmigrant visa.

11.     On March 26, 1996, after a full hearing in Immigration Court represented by counsel, the Immigration Judge denied FAKRUL ISLAM TAPADAR's asylum claim, using the name  FAKRUL ISLAM, and ordered him to voluntary depart the United States on or before May 28, 1996. On December 20, 1996, the Board of Immigration Appeals affirmed the Immigration Judge's decision, extending the voluntary departure time by thirty days from the date of the decision, to January 19, 1997, warning that a failure to depart voluntarily would result in an automatic order of removal pursuant to the Immigration Judge's original order. Thereafter, FAKRUL ISLAM TAPADAR departed the United States on an unknown date.

12.     On December 5, 2006, FAKRUL ISLAM TAPADAR, was the beneficiary of an I-130 Alien Relative Petition filed on his behalf by his United States citizen daughter. On July 8, 2007, FAKRUL ISLAM TAPADAR, using date of birth November XX, 1951, Alien Registration File Number AXXX-XXX-590, filed Form DS-230, Application for Immigrant Visa and Alien Registration ("Form DS-230"), which contained numerous material false statements. Specifically, on Form DS-230, FAKRUL ISLAM TAPADAR failed to disclose his previous immigration history in the identity of FAKRUL ISLAM when answering question two on said form, requiring that all other names used be listed; failed to disclose that he had resided in the United States from on or about 1994 to on or about 1998 when answering question twenty on said form, requiring a listing of all places of residence since the age of sixteen; failed to list prior visits to the United States when answering question twenty-five on said form, requiring a listing of all previous visits to the United States; and checked the "NO"

box in response to question thirty relating to having been unlawfully present in the United States for more than one year, or an aggregate of one year, within the last ten years.

13. FAKRUL ISLAM TAPADAR's numerous material false statements and misrepresentations resulted in his gaining an immigration benefit, permanent residence, which he received on July 9, 2007, to which he was not entitled. As a result of his false statements, on August 9, 2007, FAKRUL ISLAM TAPADAR entered the United States as a permanent resident.

14. The Form N-400 application for naturalization submitted by FAKRUL ISLAM TAPADAR on May 20, 2016, signed on May 2, 2016, in which he certified under penalty of perjury the accuracy and truthfulness of the contents therein, contained multiple material false statements. Specifically, in his Form N-400, in response to question three, FAKRUL ISLAM TAPADAR failed to disclose his previous use of the name FAKRUL ISLAM; in response to question thirty-one, he checked the "NO" box relating to ever having provided false, fraudulent, or misleading information or documentation to U.S. Government officials; in response to question thirty-two, he checked the "NO" box relating to ever having lied to any U.S. Government official to gain entry or admission to the U.S., or to gain an immigration benefit while in the U.S.; in response to question thirty-four, FAKRUL ISLAM TAPADAR checked the "NO" box relating to whether he had ever been ordered removed or deported from the United States; and in response to question thirty-five, FAKRUL ISLAM TAPADAR checked the "NO" box relating to ever having been placed in deportation proceedings.

5

15.    On August 9, 2017, FAKRUL ISLAM TAPADAR appeared in person at the USCIS Field Office located at 306 Delaware Ave., Buffalo, N.Y., where FAKRUL ISLAM TAPADAR was interviewed in person by an immigration services officer relating to his Form N-400 application. During the interview, the officer advised that as the result of a fingerprint match, USCIS was now aware of his prior identity in the name of FAKRUL ISLAM. However, FAKRUL ISLAM TAPADAR denied ever using the FAKRUL ISLAM identity or the fraudulent date of birth associated with that identity; denied being in the United States prior to his entry in 2007; denied having entered in the United States in 1994; denied that he ever filed an Application for Asylum; and finally, denied that he ever had a previous order of removal.

16.    On August 9, 2017, USCIS denied FAKRUL ISLAM TAPADAR's Form N-400, stating that he obtained his immigrant visa through fraud and was therefore, not lawfully admitted for permanent residence, and moreover, that his Form N-400 contained multiple material false statements in an attempt to obtain naturalization based on fraud. This fraud was further perpetrated by FAKRUL ISLAM TAPADAR by providing false statements under oath to an immigration services officer in a matter relating to naturalization.

WHEREFORE, it is respectfully submitted that, based upon all of the foregoing, probable cause exists to believe that FAKRUL ISLAM TAPADAR did commit the offense of Unlawful Procurement of Citizenship or Naturalization, in violation of Title 18, United States Code, Section 1425(a) in that he, a native and citizen of Bangladesh, attempted to knowingly and willingly procure, contrary to law, naturalization by making numerous false

6

statements in his Form N-400 Application for Naturalization and during his naturalization interview with an immigration services officer, all in violation of 18 U.S.C. §1425(a). I certify that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
CHRISTOPHER SZMANIA
Task Force Officer
Homeland Security Investigations

Sworn to before me this /5th

day of September, 2017.

_____
HN. KENNETH SCHROEDER, JR.
United States Magistrate Judge

7